IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Statesville Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **GRAYSON REAL ESTATE, LLC,** | ) | Case No. 23-50125 |
| | ) | |
| Debtor. | ) | |

## FIRST AMENDED PLAN OF REORGANIZATION

Grayson Real Estate, LLC submits this First Amended Plan of Reorganization pursuant to Section 1121(a) of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*

## ARTICLE I
## DEFINITIONS

As used in this chapter 11 plan, the following terms shall have the respective meanings specified below:

1.1    Administrative Claim. Any cost or expense of administration of the Chapter 11 Case (a) required to be asserted by filing an application with the Bankruptcy Court on or before the Administrative Bar Date, or (b) Allowed under Section 503(b) of the Bankruptcy Code, except to the extent the holder of such Claim agrees to be treated differently. Administrative Claims include, but are not limited to, (i) any actual and necessary expenses of preserving the Estate incurred during the Chapter 11 Case, (ii) any actual and necessary expenses of operating the Debtor's business incurred during the Chapter 11 Case, (iii) any indebtedness or obligations incurred or assumed by the Debtor in connection with the conduct of its business as a debtor in possession, or for the acquisition or lease of property by, or for the rendition of services to, the Debtor as debtor in possession, (iv) obligations pursuant to executory contracts assumed by the Debtor pursuant to an order of the Bankruptcy Court, (v) all Claims as provided by Section 507(b) of the Bankruptcy Code, (vi) all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court, (vii) any Allowed Contingent Claims which are granted administrative priority status by Final Order of the Bankruptcy Court, (viii) all fees payable and unpaid under Section 1930 of Title 28, United States Code, and (ix) any fees or charges assessed against the Estate under chapter 123 of Title 28, United States Code.

1.2    Administrative Claims Bar Date. The date thirty (30) days after the Effective Date or such other date(s), if any, as determined by order of the Bankruptcy Court, by which all requests for allowance of Administrative Claims must be filed with the Bankruptcy Court. The Administrative Claims Bar Date shall not apply to fees and expenses of Professionals.

1.3    Allowed Administrative Claim. All or that portion of any Administrative Claim that is or has become an Allowed Claim.

1.4     <u>Allowed Claim</u>.  Any Claim against the Debtor (i) proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claims against the Debtor individually or jointly or, if no proof of claim is filed, which has been or hereafter is listed by the Debtor in its Schedules, as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or (ii) in favor of any Person arising from a judgment against such Person in any Avoidance Action (if the effect of such judgment gives such Person an Allowed General Unsecured Claim), or (iii) any Claim as to which the Bankruptcy Court has entered a Final Order allowing the Claim.  A Disputed Claim shall be an Allowed Claim if, and only to the extent that, a Final Order has been entered allowing such Disputed Claim.  The term "Allowed," when used to modify a reference in this Plan to any Claim or class of Claims, shall mean a Claim (or any Claim in any such class) that is allowed (e.g., an Allowed Secured Claim is a Claim that has been Allowed to the extent of the value of any interest in property of the Estate securing such Claim), as determined by the Bankruptcy Court pursuant to Section 506(a) of the Bankruptcy Code.  Unless otherwise specified in this Plan or in the Final Order of the Bankruptcy Court allowing such Claim, "Allowed Claim" shall not include interest on the amount of such Claim from and after the Petition Date.

1.5     <u>Assumed Agreement</u>.  Each of the Debtor's unexpired leases and other executory contracts that are being assumed pursuant to the Plan.

1.6     <u>Avoidance Action</u>.  Any and all actions which a trustee, debtor in possession, or other appropriate party in interest may assert on behalf of the Estate under the Bankruptcy Code, including actions pursuant to Sections 542, 543, 544, 545, 546, 547, 548, 549, 550, and/or 551 of the Bankruptcy Code.

1.7     <u>Ballot</u>.  The document used in voting on the Plan that must be executed and delivered by holders of Claims entitled to vote on the Plan.

1.8     <u>Bankruptcy Administrator</u>.  The United States Bankruptcy Administrator for the Western District of North Carolina.

1.9     <u>Bankruptcy Code</u>.  The Bankruptcy Reform Act of 1978, as amended, and memorialized in Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*

1.10    <u>Bankruptcy Court</u>.  The United States Bankruptcy Court for the Western District of North Carolina.

1.11    <u>Bankruptcy Rules</u>.  The Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court, as applicable to the Chapter 11 Case.

1.12    <u>Business Day</u>.  Any day other than a Saturday, Sunday, or other day on which commercial banks in the State of North Carolina are authorized or required by law to close.

1.13    <u>Cash</u>.  Cash and readily marketable securities or instruments including, without limitation, readily marketable direct obligations of the United States of America or agencies or instrumentalities thereof, time certificates of deposit issued by any bank, and commercial paper.

1.14    <u>Chapter 11 Case</u>.   The Debtor's bankruptcy case under Chapter 11 of the Bankruptcy Code which is pending before the Bankruptcy Court (Case No. 23-50125), in which the Debtor is the debtor in possession.

1.15    <u>Claim</u>.   Any right to payment from the Estate, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and arising at any time before the Effective Date or relating to any event that occurred before the Effective Date; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Estate, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, and arising at any time before the Effective Date or relating to any event that occurred before the Effective Date.

1.16    <u>Class</u>.   A classification of Claims for the purposes of treatment and distributions under this Plan.

1.17    <u>Confirmation Date</u>.   The date upon which the Bankruptcy Court enters the Confirmation Order confirming this Plan.

1.18    <u>Confirmation Hearing</u>.   The hearing before the Bankruptcy Court to consider confirmation of this Plan.

1.19    <u>Confirmation Order</u>.   An order of the Bankruptcy Court confirming this Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

1.20    <u>Contingent Claim</u>.   A Claim that is either contingent or unliquidated on or immediately before the Confirmation Date.

1.21    <u>Creditor</u>.   Any Person that holds a Claim against the Estate.

1.22    <u>Debtor</u>.   Grayson Real Estate, LLC.

1.23    <u>Disclosure Statement</u>.   The disclosure statement filed with respect to this Plan pursuant to Section 1125 of the Bankruptcy Code, either in its present form or as it may be altered, amended, or modified from time to time.

1.24    <u>Disputed Claim</u>.   A Claim which is the subject of a timely objection interposed by the Debtor, if at such time such objection remains unresolved; provided, however, that the Bankruptcy Court may determine the amount of a Disputed Claim for purposes of allowance pursuant to Section 502(c) of the Bankruptcy Code; provided, further, that the Debtor, in its sole discretion, may elect to treat the portion of a Disputed Claim, if any, that is not in dispute as an Allowed Claim, with the disputed portion remaining a Disputed Claim.

1.25    <u>Disputed Claims Reserve</u>.   The reserve account established by the Reorganized Debtor pursuant to section 8.3 of this Plan from which all cash distributions under the Plan shall be made with respect to all Disputed Claims.

1.26   Effective Date.   The Business Day on which all of the conditions set forth in Article 10 of this Plan shall have been satisfied or waived.

1.27   Equity Interest.   Any interest in the Debtor represented by any class or series of capital stock or membership interests of the Debtor prior to the Petition Date, and any and all warrants, options, convertible, or exchangeable securities, subscriptions, rights (including any preemptive rights), appreciation rights, calls, or commitments of any character whatsoever relating to any such interest in the Debtor.   Equity Interests also include, without limitation, all Claims arising from rescission of a purchase or sale of an Equity Interest, for damages arising from the purchase or sale of such an Equity Interest, or for reimbursement or contribution allowed under Section 502 of the Bankruptcy Code on account of such a Claim.

1.28   Estate.   The bankruptcy estate of the Debtor, including all interests in property that the Debtor holds.   The property of the Estate shall be vested in the Reorganized Debtor upon the occurrence of the Effective Date of the Plan.

1.29   Estate Litigation Claims.   Any and all rights, claims, proofs of claim, and causes of action, including, but not limited to, Avoidance Actions, which may be pursued by the Debtor and/or the Reorganized Debtor on behalf of the Estate in any court of competent jurisdiction or in arbitration.

1.30   Final Order.   An order that is no longer subject to appeal, certiorari proceeding or other proceeding for review or rehearing, and as to which no appeal, certiorari proceeding, or other proceeding for review or rehearing shall then be pending.

1.31   General Unsecured Claim.   Any Unsecured Claim, other than an Administrative Claim, an Other Priority Claim, or a Priority Tax Claim.   Allowed General Unsecured Claims include, without limitation, any Claim in favor of any Person arising from a judgment against such Person in any Avoidance Action (if the effect of such judgment gives such Person an Allowed General Unsecured Claim).

1.32   GRE Sales.   The completed sales of the Debtor's real estate as approved by the Bankruptcy Court in the Sale Order, as such order may be amended.

1.33   Judgment.   A judgment that is no longer subject to appeal, certiorari proceeding or other proceeding for review or rehearing, and as to which no appeal, certiorari proceeding, or other proceeding for review or rehearing shall then be pending.

1.34   Net Sale Proceeds.   The aggregate proceeds of the GRE Sales, less reasonable and customary closing expenses, and less charges otherwise approved by the Bankruptcy Court (including, but not limited to, charges pursuant to Section 506(c) of the Bankruptcy Code).

1.35   Newtek.   Newtek Small Business Finance, LLC.

1.36   Other Priority Claims.   Any Claim entitled to priority in payment under Section 507 of the Bankruptcy Code, other than Administrative Claims and Priority Tax Claims.

1.37    <u>Person</u>.  An individual, a corporation, a limited liability company, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government, governmental unit or any subdivision thereof or any other entity.

1.38    <u>Petition Date</u>.  May 15, 2023, the date of the commencement of this Chapter 11 Case.

1.39    <u>Plan</u>.  This First Amended Plan of Reorganization, as it may be from time to time modified, amended or supplemented, together with any exhibits thereto.

1.40    <u>Priority Non-Tax Claim</u>.  Any Claim arising prior to the Petition Date entitled to priority in payment under Sections 507(a)(1)-(a)(7) of the Bankruptcy Code.

1.41    <u>Priority Tax Claim</u>.  Any Claim arising prior to the Petition Date entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code.

1.42    <u>Pro Rata Share</u>.  As of any certain date, with respect to any Allowed Claim in any Class, the proportionate share that such Allowed Claim bears to the aggregate amount of all Claims, including Disputed Claims, in such Class.

1.43    <u>Professional</u>.  Any attorney, accountant, appraiser, auctioneer, broker, or other professional person retained and employed by the Estate in the Chapter 11 Case in accordance with Sections 327 and/or 328 of the Bankruptcy Code.

1.44    <u>Rejected Agreement</u>.  Each unexpired lease or other executory contract of the Debtor which (i) is not an Assumed Agreement, (ii) has not been expressly assumed or rejected by order of the Bankruptcy Court prior to the Confirmation Date, or (iii) is not the subject of a pending motion to assume on the Effective Date.

1.45    <u>Reorganized Debtor</u>.  The Debtor, as reorganized, discharged, and vested with all assets of the Estate pursuant to this Plan.

1.46    <u>Sale Motion</u>.  The Motion for Authority to Sell Real Property Free and Clear Via Broker filed by the Debtor on October 19, 2023 [Doc. 66].

1.47    <u>Sale Order</u>. The Order Granting Motion to Sell Real Property Via Broker, which granted the Sale Motion, as amended by subsequent order.

1.48    <u>Schedules</u>.  The Schedules of Assets and Liabilities, and any amendments thereto, filed by the Debtor with the Bankruptcy Court in accordance with Section 521(l) of the Bankruptcy Code.

1.49    <u>Secured Claim</u>.  A Claim to the extent of the value of any interest in property of the Estate securing such Claim, as determined pursuant to Section 506(a) or 1111(b) of the Bankruptcy Code.  To the extent that the value of such interest is less than the amount of the Claim which has the benefit of such security, such Claim is an Unsecured Deficiency Claim unless, in any such case, the class of which such Claim is a part makes a valid and timely

election under Section 1111(b) of the Bankruptcy Code to have such Claim treated as a Secured Claim to the extent allowed.

1.50    <u>Taxes</u>.    All income, franchise, excise, sales, use, employment, withholding, property, payroll, and other taxes, assessments, and governmental charges, together with any interest, penalties, additions to tax, fines, and similar amounts relating thereto, imposed or collected by any federal, state, local, or foreign governmental authority.

1.51    <u>Unsecured Claim</u>.    A Claim not secured by a charge against or interest in property in which the Estate has an interest.

1.52    <u>Unsecured Deficiency Claim</u>.    A Claim by a Creditor arising out of the same transaction as a Secured Claim to the extent that the value, as determined by the Bankruptcy Court, of such Creditor's interest in property of the Estate securing such Claim is less than the amount of the Claim which has the benefit of such security as provided by Section 506(a) of the Bankruptcy Code.    There are no Allowed Unsecured Deficiency Claims against the Estate pursuant to the Plan.

1.53    <u>Voting Deadline</u>.    The date set in an order of the Bankruptcy Court as the deadline for the return of Ballots accepting or rejecting the Plan.

1.54    <u>Other Definitions</u>.    Unless the context otherwise requires, any capitalized term used and not defined herein or elsewhere in this Plan but that is defined in the Bankruptcy Code or Bankruptcy Rules shall have the meaning set forth therein.    Wherever from the context it appears appropriate, each term stated in either of the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, the feminine and the neuter.    The words "herein," "hereof," "hereto," "hereunder," and others of similar inference refer to this Plan as a whole and not to any particular article, section, subsection, or clause contained in this Plan.    The word "including" shall mean "including without limitation."

## ARTICLE 2
## PROVISIONS REGARDING ALLOWED ADMINISTRATIVE
## <u>CLAIMS AND ALLOWED PRIORITY TAX CLAIMS</u>

2.1    ***Administrative Claims and Priority Tax Claims are Not Classified in this Plan***. Administrative Claims and Priority Tax Claims are not classified and are not entitled to vote to accept or reject the Plan.    The treatment of and consideration to be received by holders of Allowed Administrative Claims and Allowed Priority Tax Claims pursuant to this Article 2 of the Plan shall be in full and complete satisfaction, settlement, release, and discharge of such Claims.    The Debtor's obligations in respect of such Allowed Administrative and Priority Tax Claims shall be satisfied in accordance with the terms of this Plan.

2.2    ***Administrative Claims Bar Date***.    Unless otherwise ordered by the Bankruptcy Court, requests for payment of Administrative Claims must be filed and served on the Debtor no later than thirty (30) days after the Confirmation Date.    Any Person required to file and serve a request for payment of an Administrative Claim and who fails to timely file and serve such

request, shall be forever barred, estopped, and enjoined from asserting such Claim or participating in distributions under the Plan on account thereof. The Administrative Claims Bar Date shall not apply to fees and expenses of Professionals or to fees due under 28 U.S.C. § 1930 (which quarterly fees shall be paid pursuant to section 11.1 of the Plan).

2.3    *Treatment of Administrative Claims*.  Except to the extent the holder of an Allowed Administrative Claim agrees otherwise, each holder of an Allowed Administrative Claim shall be paid, in respect of such Allowed Claim, the full amount thereof in Cash (or such other form as is agreed upon by any holder of an Allowed Administrative Claim) as soon as practicable after the later of (a) the Effective Date and (b) the date on which such Claim becomes an Allowed Claim, except that Allowed Administrative Claims arising in the ordinary course of business shall, if due at a later date pursuant to its terms, be paid when otherwise due. All fees payable under 28 U.S.C. § 1930 shall be paid pursuant to section 11.1 of this Plan without the necessity of filing an application for allowance of the same as an Administrative Claim.

2.4    *Treatment of Priority Tax Claims*.  Each holder of an Allowed Priority Tax Claim shall be paid the Allowed Amount of its Allowed Priority Tax Claim, at the option of the Reorganized Debtor, (a) in full, in Cash, on the Effective Date or as soon as practicable thereafter, or (b) upon such other terms as may be mutually agreed upon between such holder of an Allowed Priority Tax Claim and the Reorganized Debtor, in an aggregate amount equal to such Allowed Priority Tax Claim, together with interest at such rate as required by Section 511 of the Bankruptcy Code.

### ARTICLE 3
### CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

3.1    *Class 1: Allowed Secured Tax Claims*.

  3.1.1    *Classification.*

Class 1 consists of all Allowed Secured Tax Claims.

  3.1.2    *Treatment.*

These Claims shall be treated as secured obligations of the Reorganized Debtor. Each holder of an Allowed Secured Tax Claim shall be paid the allowed amount of such Claim, at the option of the Reorganized Debtor, (a) in full, in Cash, on the Effective Date or as soon as practicable thereafter, or (b) upon such other terms as may be mutually agreed upon between such holder of an Allowed Secured Tax Claim and the Reorganized Debtor, in an aggregate amount equal to such Allowed Secured Tax Claim, together with interest at such rate as required by Section 511 of the Bankruptcy Code. Each holder of an Allowed Secured Tax Claim shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to Section 1129(b)(2)(A) of the Bankruptcy Code until its Allowed Class 1 Claim is satisfied as set forth herein.

### 3.1.3     *Impairment and Voting*

Class 1 is impaired by the Plan. The holders of Class 1 Claims are entitled to vote to accept or reject the Plan. For purposes of voting, each holder of a Secured Tax Claim shall be considered to be the sole member of a separate Class.

### 3.2     *Class 2:  Allowed Secured Claim of Newtek*

#### 3.2.1     *Classification.*

Class 2 consists of the Allowed Secured Claim of Newtek.

#### 3.2.2     *Treatment.*

This Claim shall be treated as a fully secured obligation of the Reorganized Debtor.  The Net Sale Proceeds derived from the GRE Sales and attributable to the Estate's real property in which Newtek held a validly perfected security interest or lien as of the Petition Date shall be distributed to Newtek on the Effective Date up to the amount of its Allowed Secured Claim.  To the extent said distribution does not fully satisfy the Allowed Secured Claim of Newtek, the automatic stay shall lift on the Effective Date as to any other property of the Estate in which Newtek held a validly perfected security interest or lien as of the Petition Date, so that Newtek may exercise its *in rem* rights with respect to the same under applicable law.  Newtek shall provide the Debtor's counsel with a written, itemized accounting of the proceeds of such surrendered collateral within 21 days after its disposition.  Newtek shall retain its liens with the priority thereof as they existed on the Petition Date pursuant to Section 1129(b)(2)(A) of the Bankruptcy Code until its allowed Class 2 Claim is satisfied as set forth herein.

#### 3.2.3     *Impairment and Voting*

Class 2 is impaired by the Plan. The holder of the Class 2 Claim is entitled to vote to accept or reject the Plan.

### 3.3     *Class 3: Allowed Other Priority Claims*

#### 3.3.1     *Classification*

Class 3 consists of all Allowed Other Priority Claims.

#### 3.3.2     *Treatment*

These Claims shall be treated as unsecured obligations of the Reorganized Debtor.  On the Effective Date, holders of Allowed Other Priority Claims shall be paid Pro Rata Shares of the remaining Net Sale Proceeds (after satisfaction of all Claims of higher priority pursuant to the Bankruptcy Code) up to the full amounts of their Allowed Other Priority Claims as of the Petition Date.

MWH: 10789.001; 00029451.1

### 3.3.3        *Impairment and Voting*

Class 3 is impaired by the Plan. The holders of Class 3 Claims are entitled to vote to accept or reject the Plan.

### 3.4      ***Class 4: Allowed General Unsecured Claims***

#### 3.4.1        *Classification*

Class 4 consists of all Allowed General Unsecured Claims.

#### 3.4.2        *Treatment*

These Claims shall be treated as unsecured obligations of the Reorganized Debtor.  On the Effective  Date, holders of Allowed General Unsecured Claims shall be paid Pro Rata Shares of the remaining Net Sale Proceeds (after satisfaction of all Claims of higher priority pursuant to the Bankruptcy Code) up to the full amounts of their Allowed General Unsecured Claims as of the Petition Date.

#### 3.4.3        *Impairment and Voting*

Class 4 is impaired by the Plan. The holders of Class 4 Claims are entitled to vote to accept or reject the Plan.

### 3.5      ***Class 5:  Allowed Equity Interests in the Debtor***

#### 3.5.1        *Classification*

Class 5 consists of the Equity Interests in the Debtor, held by Van D. Stamey (97.9%) and Toni R. Stamey (2.1%).

#### 3.5.2        *Treatment*

After satisfaction of all Allowed Claims of higher priority, holders of Allowed Equity Interests shall receive distributions of any remaining Net Sale Proceeds, if any, on the Effective Date commiserate with their respective ownership percentages and shall retain such Equity Interests in the Reorganized Debtor; provided, however, that holders of Allowed Equity Interests will not receive or retain any property pursuant to the Plan unless all Allowed Claims of higher priority are fully satisfied as set forth in the Plan.  If all Allowed Claims of higher priority are not so satisfied, the Equity Interests in the Debtor and/or Reorganized Debtor shall be deemed cancelled and the Debtor and/or Reorganized Debtor shall be dissolved under applicable law.

#### 3.5.3        *Impairment and Voting*

Class 5 is impaired by the Plan. The holders of Equity Interests in the Debtor are entitled to vote to accept or reject the Plan.

## ARTICLE 4
## ACCEPTANCE OR REJECTION OF THE PLAN

4.1     ***Impaired Classes Vote.***  Each holder of a Claim or Interest in an impaired Class receiving or retaining anything under this Plan is entitled to vote to accept or reject this Plan to the extent and in the manner provided in the Plan, the Bankruptcy Code and the Bankruptcy Rules, or in any voting procedures order.

4.2     ***Acceptance by Impaired Classes of Claims.***  Acceptance of this Plan by any Impaired Class entitled to vote shall be determined in accordance with the Bankruptcy Code, the Bankruptcy Rules, and any voting procedures order entered by the Bankruptcy Court.

4.3     ***Designation of Classes Entitled to Vote.***  Classes 1-5 are impaired, and the holders of Claims and Equity Interests in those Classes are entitled to vote on the Plan.

4.4     ***Nonconsensual Confirmation.***  With respect to any Impaired Class, including any Class of Claims or Equity Interests created pursuant to amendments or modifications to this Plan, that does not accept the Plan, the Debtor will request that the Bankruptcy Court confirm this Plan by Cramdown with respect to any such non-accepting Class or Classes at the Confirmation Hearing, *and the filing of this Plan shall constitute a motion for such relief*.

## ARTICLE 5
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

5.1     ***Assumption/Rejection.***  The following executory contracts shall be assumed by the Debtor on and as of the Effective Date pursuant to Section 365 of the Bankruptcy Code: any and all insurance contracts and/or policies of the Debtor, the Debtor in Possession, and/or the Reorganized Debtor.

Any executory contract or unexpired lease assumed pursuant to the Plan shall be fully enforceable by the Reorganized Debtor in accordance with the terms thereof, and shall include all written modifications, amendments, and supplements of said executory contract or unexpired lease and, as with respect to executory contracts or unexpired leases that relate to real property, shall include all written agreements and leases appurtenant to the premises, including easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, powers, uses, reciprocal easements, and any other interests in real property or rights *in rem* related to such premises.

Notwithstanding the forgoing, the Debtor may move to assume any other unexpired lease or executory contract at any point on or before the Effective Date.

All payments, including all cure payments, adequate assurance or compensation for actual pecuniary loss, that are due or required to be paid or provided by Sections 365(b)(1)(A)-(C) of the Bankruptcy Code (collectively the "Cure Payments") for any executory contract or unexpired lease that is being assumed under the Plan, unless disputed by the Debtor, shall be made by the Reorganized Debtor within twelve months following occurrence of the Effective

Date.  The Debtor hereby gives notice that, except as set forth in the Plan, there are no Cure Payments due with respect to any executory contracts and unexpired leases to be assumed under the Plan or otherwise.  Any non-debtor party to any executory contract or unexpired lease that objects to assumption of the executory contract or unexpired lease or believes that a Cure Payment is due in connection with such assumption must file a written objection to the assumption of such executory contract or unexpired lease with no Cure Payment and state in the written objection the grounds for such objection and specifically set forth the amount of any request for a Cure Payment by the deadline established by the Bankruptcy Court for filing objections to confirmation of the Plan.

Unless the non-debtor party to any executory contract or unexpired lease to be assumed under the Plan or by separate motion files and serves on the Debtor and its counsel an objection to assumption of such executory contract or unexpired lease, asserting that a Cure Payment is required or owed in connection with such assumption, by the deadline established by the Bankruptcy Court for filing objections to confirmation of the Plan, then such executory contracts and unexpired leases shall be assumed as set forth herein, and any default then existing in the executory contract and/or unexpired lease shall be deemed cured as of the Confirmation Date, and there shall be no other cure obligation or Cure Payment due or owed by anyone, including the Debtor or Reorganized Debtor, in connection with such assumption of the executory contract or unexpired lease unless otherwise set forth in this Plan. Any Claims for Cure Payments not filed as part of a written objection to the proposed assumption within such time period will be forever barred from assertion against the Debtor, its Estate, the Reorganized Debtor, and its assets, and the holders of any such Claims are barred from recovering any distributions under the Plan on account thereof unless provided otherwise in this Plan. In the event of an objection to the assumption of executory contracts or unexpired leases regarding the amount of any Cure Payment, or the ability of the Reorganized Debtor to provide adequate assurance of future performance or any other matter pertaining to assumption, (a) the Bankruptcy Court will hear and determine such dispute at the Confirmation Hearing, and (b) in the discretion of the Debtor, (i) the Debtor may assume such disputed executory contract or unexpired lease by curing any default or providing adequate assurance in the manner determined by the Bankruptcy Court, or (ii) the Debtor may reject the executory contract or unexpired lease.  The Reorganized Debtor shall have fourteen (14) Business Days after entry of any order determining the amount of a disputed Cure Payment in which to reject such executory contract or unexpired lease and, in that event, such executory contract or unexpired lease shall be deemed rejected as of the day before the Petition Date.

Each executory contract or unexpired lease of the Debtor that has not expired by its own terms before the Effective Date, is assumed in this Plan, has been previously assumed by the Debtor in Possession pursuant to an order of the Bankruptcy Court, or that is the subject of a pending motion to assume as of the Effective Date, shall be deemed rejected by the Debtor as of the day before the Petition Date pursuant to Sections 365 and 1123 of the Bankruptcy Code.

5.2    ***Effect of Confirmation Order on Executory Contracts and Unexpired Leases.***
Entry of the Confirmation Order shall constitute an order of the Bankruptcy Court approving the rejection of all executory contracts and unexpired leases which have not been assumed by the Debtor pursuant to an order of the Bankruptcy Court or that are not the subject of a pending

motion to assume as of the Effective Date. Any such rejection shall be effective as of the day before the Petition Date, and all executory contracts and unexpired leases so rejected shall be conclusively deemed burdensome to and not in the best interest of the Estate.

5.3 **Bar Date for Filing Proofs of Claim Relating to Executory Contracts and Unexpired Leases Rejected Pursuant to the Plan.** Any Claims for damages arising from rejection of an executory contract or unexpired lease must be filed no later than 21 days after entry of the Confirmation Order or be forever barred and unenforceable against the Debtor and the Estate, and the holders of such Claims shall receive no distributions under the Plan.

## ARTICLE 6
## DISTRIBUTIONS UNDER THE PLAN

6.1 **Distributions Under the Plan.** The Reorganized Debtor or any distribution agent the Reorganized Debtor may retain shall make all distributions to the holders of Allowed Claims and Allowed Interests that are required under this Plan. If any Estate Litigation Claim or other litigation in which the Debtor is a party is resolved by Final Order or settlement, and the Debtor is ordered to pay any sums to the successful litigant, then such party shall become a Creditor, and shall share in distributions to the appropriate Class. Whenever any distribution to be made under this Plan shall be due on a day other than a Business Day, such distribution shall instead be made, without the accrual of any interest, on the immediately succeeding Business Day, but shall be deemed to have been made on the date due.

6.2 **Delivery of Distributions.** Distributions to holders of Allowed Claims or Allowed Equity Interests shall be made at the address of such holder as indicated in the Debtor's records. In the event that any such distribution is returned as undeliverable, the Reorganized Debtor shall use reasonable efforts to determine the current address of the applicable holder, and no distribution to such holder shall be made unless and until the Reorganized Debtor has determined such then current address, provided, however, that if any distribution remains unclaimed for 90 days after its issuance, such distribution shall be deemed unclaimed property pursuant to Section 347(b) of the Bankruptcy Code and shall become vested in the Reorganized Debtor. In such event, the Claim of the holder for such distribution shall no longer be deemed Allowed, and such holder shall be deemed to have waived its rights to such distribution under this Plan pursuant to Section 1143 of the Bankruptcy Code, shall have no further claim or right thereto, and shall not participate in any further distributions under this Plan with respect to such Claim. Checks issued by the Reorganized Debtor in respect of Allowed Claims shall be null and void if not negotiated within 90 days after the date of issuance thereof.

6.3 **Third-Party Agreements.** Distributions to Creditors hereunder will not affect the right of any Person to levy, garnish, attach, or employ other legal process with respect to such distributions. All subordination agreements entered into by any parties in interest shall be enforceable to the extent permitted by applicable law, and all distributions and payments made pursuant to the Plan shall be subject to applicable law.

6.4     ***Manner of Payment Under the Plan.*** At the option of the Reorganized Debtor, any payment under the Plan may be made by check or wire transfer from a domestic bank or as otherwise required by applicable agreement.

6.5     ***No Fractional Distributions.*** No fractional dollars need be distributed under the Plan. Distributions may be rounded up or down to the nearest whole dollar.

6.6     ***Withholding and Reporting.*** The Reorganized Debtor shall comply with all applicable withholding and reporting requirements imposed by federal, state, and local taxing authorities, and all distributions shall be subject to such withholding and reporting requirements.

## ARTICLE 7
## MEANS FOR IMPLEMENTATION AND EXECUTION OF THE PLAN

7.1     ***Sources of Funds for Distributions to Creditors.*** Distributions under the Plan will be funded from the proceeds of the GRE Sales.  The Reorganized Debtor shall have discretion to retain a reasonable portion of the Net Sale Proceeds to fund the Disputed Claim Reserve described in section 8.3 of this Plan to account for Disputed Claims, if any.  When all Disputed Claims are resolved by Final Order, all remaining cash or property in the Disputed Claims Reserve shall be disbursed in accordance with section 8.4 of the Plan.

7.2     ***Authority to Act Following Confirmation Date.*** Upon confirmation of this Plan, the Debtor shall be authorized to take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of this Plan including, without limitation, the execution and filing of all documents required or contemplated by this Plan.

7.4     ***Authority to Act Following Effective Date.***  Upon occurrence of the Effective Date, the Reorganized Debtor shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan and any notes or securities issued pursuant to this Plan.

7.5     ***Effectuating Documents and Further Transactions.*** The Debtor and the Reorganized Debtor shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and to take such actions as may be necessary or appropriate, for and on behalf of the Debtor and the Reorganized Debtor, to effectuate and further evidence the terms and conditions of this Plan and any notes or securities issued pursuant to this Plan.

## ARTICLE 8
## RESOLUTION OF DISPUTED CLAIMS AND INTERESTS

8.1     ***Objections to Claims and Interests.***  The Debtor and, after the Effective Date, the Reorganized Debtor, shall have the exclusive right to object to the allowance, amount or classification of Claims and Interests asserted in the Chapter 11 Case, and such objections may be litigated to Final Order by the Debtor or Reorganized Debtor, as applicable, or compromised

and settled in accordance with the business judgment of the Debtor. Unless otherwise provided herein or ordered by the Bankruptcy Court, all objections to Claims and Equity Interests shall be filed no later than twelve months after the Effective Date, subject to any extensions granted pursuant to a further order of the Bankruptcy Court, which extensions may be obtained by the Reorganized Debtor without notice upon *ex parte* motion.

8.2     *Estimation of Disputed Claims and Interests.* The Debtor and, after the Effective Date, the Reorganized Debtor, may at any time request that the Bankruptcy Court estimate for all purposes, including distributions under this Plan, any Disputed, contingent or unliquidated Claim or Equity Interest pursuant to Section 502(c) of the Bankruptcy Code whether or not the Debtor or the Reorganized Debtor has previously objected to such Claim or Equity Interest. The Bankruptcy Court shall retain jurisdiction to estimate any such Claim or Equity Interest at any time, including, without limitation, during the pendency of an appeal relating to such objection.

8.3     *Establishment of Disputed Claims Reserve.* The Reorganized Debtor may establish the Disputed Claims Reserve in the event it (or the Debtor) objects to the allowance, amount or classification of any Claims or Equity Interests.

8.4     *No Distribution on Account of Disputed Claims and Equity Interests.* Notwithstanding anything else contained in this Plan, except with respect to any undisputed, non-contingent and liquidated portion of an Allowed Claim, no distribution shall be due or made with respect to all or any portion of any Disputed, contingent, or unliquidated Claim until the Claim becomes an Allowed Claim by Final Order. The Reorganized Debtor shall set aside or reserve a portion of the consideration payable to the holders of Allowed Claims and Allowed Equity Interests in a particular Class to be held in the Disputed Claims Reserve for such Class in an amount sufficient to pay to the holders of all Disputed Claims in such Class the full distributions they may be entitled to if their respective Claims or Equity Interests were to be allowed in full by Final Order.

## ARTICLE 9
## EFFECT OF CONFIRMATION OF PLAN

9.1     *Vesting of Assets and Retained Causes of Action.* On the Effective Date, all assets of the Debtor and Debtor in Possession shall vest in the Reorganized Debtor free and clear of any and all Claims, liens, interests, and other charges and/or encumbrances, except as otherwise expressly provided in this Plan or in the Confirmation Order and shall remain property of the Estate until closure of the Chapter 11 Case. Subject only to the terms of the Plan and the Confirmation Order, the Reorganized Debtor may operate its business and may own, use, acquire and dispose of its property. The Reorganized Debtor shall retain all rights and is authorized to commence and pursue, as it deems appropriate, any and all Estate Litigation Claims, Avoidance Actions, other claims, causes of action, rights, objections, and defenses, whether arising before or after the Petition Date, in any court or other tribunal including, without limitation, in an adversary proceeding filed in the Chapter 11 Case, and including but not limited to, the claims and causes of action specified in the Plan or in any Plan exhibit.

9.2     ***Binding Effect.*** Subject to the occurrence of the Effective Date as set forth in Article 10 of the Plan, on and after the occurrence of the Confirmation Date, the provisions of this Plan shall bind any holder of a Claim against, or an Equity Interest in, the Debtor and such holder's successors and assigns, whether or not such holder's Claim or Equity Interest is impaired under the Plan, whether or not such holder has accepted the Plan, and whether or not such holder is entitled to a distribution under the Plan.

9.3     ***Discharge of the Debtor; Injunction.*** Except as otherwise specifically provided in this Plan or in the Confirmation Order, the rights afforded in this Plan and the treatment of the Claims and Equity Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims against and Equity Interests in the Debtor, the Debtor in Possession, the Reorganized Debtor or the assets and properties of, or interests in, the Debtor, the Debtor in Possession or the Reorganized Debtor of any nature whatsoever, including any interest accrued on any Claim from and after the Petition Date. Except as expressly otherwise provided herein or in the Confirmation Order, on the Effective Date, all Claims arising before the Effective Date (including those arising under Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code) against the Debtor and the Debtor in Possession (including any Claims based on acts or omissions that constituted or may have constituted ordinary or gross negligence or reckless, willful, or wanton misconduct of the Debtor or Debtor in Possession, or any conduct for which the Debtor or Debtor in Possession may be deemed to have strict liability under any applicable law), and all Equity Interests shall be irrevocably satisfied, discharged, cancelled and released in full.

For the avoidance of doubt, the Reorganized Debtor shall be responsible only for (a) those payments and distributions expressly provided for or due under this Plan and (b) Claims and Equity Interests that are not canceled and discharged pursuant to specific and express provisions of this Plan, and then only to the extent and in the manner specifically and expressly provided in this Plan. All Persons are precluded, permanently enjoined, and forever barred from asserting against the Debtor, the Debtor in Possession, or the Reorganized Debtor, or the assets of, properties of, and/or interests in, the Debtor, the Debtor in Possession, or the Reorganized Debtor, any Claims or interests based upon any act or omission, transaction, or other activity, event, or occurrence of any kind or nature that occurred prior to the Effective Date, whether or not the facts of or legal bases therefor were known or existed prior to the Effective Date, except for (a) those payments and distributions expressly due under this Plan and (b) Claims and Equity Interests, if any, that are not canceled and discharged under the Plan, but instead survive pursuant to specific and express provisions of this Plan.

9.4     ***Indemnification Obligations.*** Subject to the occurrence of the Effective Date as set forth in Article 10 of this Plan, the obligations of the Debtor to indemnify, reimburse or limit liability of any person who is serving or has served as one of its directors, officers, employees or agents by reason of such person's prior or current service in such capacity as provided in the applicable articles of organization, operating agreements, partnership agreements, or bylaws, by statutory law or by written agreement, policies or procedures of or with the Debtor, shall be deemed to be and treated as executory contracts that are assumed by the Debtor and assigned to the Reorganized Debtor pursuant to the Plan and Section 365 of the Bankruptcy Code and shall not be affected by or discharged by this Plan. Nothing in the Plan

shall be deemed to affect any rights of any director or officer or any other person against any insurer with respect to any directors or officers liability insurance policies.

9.5     ***Term of Certain Injunctions.*** All injunctions and/or stays provided for in, or in connection with, this Chapter 11 Case, whether pursuant to the provisions of the Bankruptcy Code or other applicable law, in existence on the Confirmation Date and/or the Effective Date, including, but not limited to, the automatic stay of 11 U.S.C. § 362(a), shall remain in full force and effect through the closure of the Chapter 11 Case and thereafter if so provided by this Plan, the Confirmation Order, their own terms, or applicable law.  The Debtor and/or the Reorganized Debtor may seek such further orders as it deems necessary or appropriate to effect the injunctive relief referenced herein.

9.6     ***No Successor Liability.*** Except as otherwise stated in the Plan or Confirmation Order, neither the Debtor nor the Reorganized Debtor will have any responsibilities for any liabilities or obligations of the Debtor or any of the Debtor's past or present subsidiaries relating to or arising out of the operations of or assets of the Debtor or any of the Debtor's past or present subsidiaries, whether arising prior to, or resulting from actions, events, or circumstances occurring or existing at any time prior to the Effective Date. The Reorganized Debtor shall have no successor or transferee liability of any kind or character, for any Claims; provided, however*, that the Reorganized Debtor shall have the obligations for the payments specifically and expressly provided, and solely in the manner stated, in the Plan.

9.7     ***Preservation of All Claims Not Expressly Settled or Released.*** Without limiting or restricting any other provisions of this Plan, including but not limited to section 9.1, unless an Estate Litigation Claim, or any other claim, cause of action, right, objection, or defense against a Creditor or other Person is expressly and specifically waived, released, compromised or settled in this Plan or any Final Order, the Reorganized Debtor expressly reserves the same for adjudication or pursuit by the Reorganized Debtor after the Effective Date, and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches shall apply to such Estate Litigation Claim, other claim, cause of action, right, objection, or defense upon or after the Confirmation Date or Effective Date of the Plan.  The Reorganized Debtor expressly reserves the right to pursue or adopt any claims, causes of action, rights, objections, or defenses of the Debtor or the Debtor in Possession, as trustees for or on behalf of the Creditors, not specifically and expressly waived, relinquished, released, compromised or settled in this Plan or any Final Order against any Person, including, without limitation, the plaintiffs or codefendants in any lawsuits. The Reorganized Debtor shall be a representative of the Estate appointed for the purposes of pursuing any and all such claims, causes of action, rights, objections or defenses under Section 1123(b)(3)(B) of the Bankruptcy Code.

Any Person to whom the Debtor has incurred an obligation (on account of services, purchase or sale of goods, tort, breach of contract, or otherwise), or who has received services or otherwise transacted business with the Debtor or Debtor in Possession in any capacity should assume that such obligation, transfer, or other transaction may be reviewed by the Reorganized Debtor subsequent to the Effective Date and may, to the extent not theretofore specifically waived, relinquished, released, compromised or settled in this Plan or in a Final Order, be the

subject of a cause of action, claim, defense, demand, or objection after the Effective Date, whether or not (a) such Person has filed a proof of claim against the Debtor in the Chapter 11 Case, (b) such Person's proof of claim has been objected to, (c) such Person's Claim was included in the Debtor's Schedules, or (d) such Person's scheduled Claim has been objected to by the Debtor or has been identified by the Debtor as disputed, contingent, or unliquidated.

## ARTICLE 10
## THE EFFECTIVE DATE OF THE PLAN

10.1     ***Conditions to Occurrence of Effective Date of Plan.*** The "effective date of the plan," as used in Section 1129 of the Bankruptcy Code, shall not occur until the Effective Date as defined herein. The Effective Date shall occur upon satisfaction of the following conditions precedent (or conditions subsequent with respect to actions that are to be taken contemporaneously with, or immediately upon, the occurrence of the Effective Date), any of which may be waived in writing by the Debtor.

10.1.1 The Confirmation Order shall have been entered by the Bankruptcy Court and shall have become a Final Order.

10.1.2 All Plan documents, agreements and instruments, or other documents necessary to implement the terms and provisions of the Plan shall have been executed and delivered by any applicable non-Debtor parties in form and substance satisfactory to the Debtor.

10.1.3 The GRE Sales shall have closed;

10.1.4 All Net Sale Proceeds shall have been received in trust by counsel for the Debtor, Moon Wright & Houston, PLLC, and shall be available for distribution to Creditors pursuant to the Plan and applicable law.

10.1.5 All fees and expenses due to or incurred by Professionals for the Debtor through the Effective Date not previously paid pursuant to interim or final orders shall have been paid into and shall be held in trust, free and clear of liens, Claims and encumbrances (other than the rights of such Professionals) until due and payable in accordance with applicable court order.

10.2     ***Filing of Notice of Effective Date.*** Within fourteen (14) Business Days of the occurrence of the Effective Date, the Reorganized Debtor shall file a notice of occurrence of the Effective Date in the record of the Bankruptcy Court reflecting (a) that the foregoing conditions to the occurrence of the Effective Date have been satisfied or waived by the Debtor, (b) the date of the Effective Date, and (c) acknowledging that the Effective Date has occurred on and as of such date.

10.3     ***Revocation of Confirmation Order or Withdrawal of Plan.*** The Debtor may revoke or withdraw the Plan prior to the Effective Date by filing a Notice of Withdrawal of Plan in the record of the Chapter 11 Case. If the Plan is withdrawn or if the Effective Date does not occur as set forth in Article 10, then the Plan shall be deemed withdrawn and the Confirmation Order (if any has been entered) shall be automatically revoked without the need for

any action by any party in interest or the Bankruptcy Court. In such event, (a) the Plan and the Confirmation Order shall be of no further force or effect and, the Debtor and all holders of Claims and Equity Interests shall be restored to the *status quo ante* as of the day immediately preceding the filing of the Plan, and (b) all the Debtor's respective obligations with respect to the Claims and Equity Interests shall remain unchanged, all of the Debtor's rights and claims against all Persons shall be fully preserved and nothing contained herein or in the Disclosure Statement shall be deemed to constitute an admission or statement against interest or to constitute a waiver or release of any claims by or against the Debtor or any other persons or to prejudice in any manner the rights of the Debtor or any person in any further proceedings involving the Debtor or any other Persons.

## ARTICLE 11
## MISCELLANEOUS PROVISIONS

11.1 ***Payment of Statutory Fees.*** All fees payable pursuant to 28 U.S.C. § 1930 shall be paid by the Debtor or the Reorganized Debtor, as, when and in the amount as required by applicable law.

11.2 ***Notice.*** Any notice required or permitted to be provided to the Debtor or Reorganized Debtor under the Plan shall be in writing and served by either (a) certified mail, return receipt requested, postage prepaid, (b) hand delivery, or (c) reputable overnight courier service, freight prepaid, to be addressed as follows: Grayson Real Estate, LLC, c/o Richard S. Wright, Moon Wright & Houston, PLLC, 212 North McDowell Street, Suite 200, Charlotte, North Carolina 28204.

11.3 ***Headings.*** The headings used in this Plan are inserted for convenience only and do not in any manner affect the construction of the provisions of this Plan.

11.4 ***Governing Law***. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of the State of North Carolina, without giving effect to any conflicts of law principles thereof that would result in the application of the laws of any other jurisdiction, shall govern the construction of this Plan and any agreements, documents, and instruments executed in connection with this Plan.

11.5 ***Additional Documents.*** The Debtor has the authority to take any and all actions and execute (and perform) any agreements and documents as the Debtor deems necessary or appropriate in its reasonable discretion to effectuate and further evidence the terms and conditions of this Plan.

11.6 ***Compliance with Tax Requirements.*** In connection with this Plan, the Debtor and the Reorganized Debtor will comply with all applicable withholding and reporting requirements imposed by federal, state, and local taxing authorities, and all distributions hereunder shall be subject to such withholding and reporting requirements.

11.7 ***Exemption from Transfer Taxes.*** Pursuant to Section 1146(a) of the Bankruptcy Code, to the extent applicable, the issuance, transfer, or exchange of any securities

under this Plan, the making or delivery of any mortgage, deed of trust, other security interest, or other instrument of transfer under, in furtherance of, or in connection with this Plan, shall be exempt from all taxes as provided in such section of the Bankruptcy Code.

11.8 ***Further Authorizations.*** The Debtor, and after the Effective Date, the Reorganized Debtor, may seek such orders, judgments, injunctions, and rulings they deem necessary or useful to carry out the intention and purpose of, and to give full effect to, the provisions of this Plan.

11.9 ***Successors and Assigns.*** The rights, benefits and obligations of any Person named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, personal representative, successor or assign of such Person.

11.10 ***Modification and Amendment of the Plan.*** Subject to the restrictions on modifications set forth in Section 1127 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3019, this Plan may be amended or modified by the Debtor, and, after the Effective Date, by the Reorganized Debtor.

11.11 ***Deadline for Filing of Claims Pursuant to 11 U.S.C. § 506(b).*** All requests for allowance, notices, or Claims of interest, fees, costs or other charges in connection with any Allowed Secured Claim pursuant to Section 506(b) of the Bankruptcy Code shall specifically set forth the amounts sought and must be filed and served on the Debtor no later than thirty (30) days after the Confirmation Date. Any Person required to file and serve a request for payment of such amounts and who fails to timely do so in accordance with this section of the Plan shall be forever barred, estopped, and enjoined from asserting a Claim under Section 506(b) of the Bankruptcy Code and from participating in distributions under the Plan on account thereof.

11.12 ***Claims Filed After Confirmation Date.*** Unless an order of the Bankruptcy Court specifically provides for a later date, any proof of claim for pre-petition debts of the Debtor filed after the Confirmation Date shall be automatically disallowed as a late-filed claim, without any action by the Debtor or Reorganized Debtor, unless and until the party filing such Claim obtains (i) the written consent of the Debtor or Reorganized Debtor, as applicable, to file such Claim late, or (ii) approval from the Bankruptcy Court upon notice to the Debtor and/or Reorganized Debtor that permits the late filing of the Claim, in which event, the Debtor or Reorganized Debtor, as applicable, shall have 120 days from the date of such written consent or order to object to such Claim, which deadline may be extended by the Bankruptcy Court without notice upon *ex parte* motion of the Debtor and/or Reorganized Debtor.

## ARTICLE 12
## <u>RETENTION OF JURISDICTION</u>

Pursuant to Sections 105(a) and 1142 of the Bankruptcy Code, the Bankruptcy Court shall retain and have jurisdiction to the fullest extent provided by applicable law over any matter arising under the Bankruptcy Code or arising in or related to the Chapter 11 Case or this Plan, including, without limitation, the following:

12.1 ***Executory Contracts and Unexpired Leases.*** To determine any and all motions or applications (a) for the assumption, assignment or rejection of executory contracts or unexpired leases to which the Debtor is a party or with respect to which the Debtor may be liable, (b) to determine all cure payments under any such assumed executory contract or unexpired lease, and (c) to determine any Claims resulting from the rejection of any executory contract or unexpired lease.

12.2 ***Causes of Action.*** To determine any and all Estate Litigation Claims, including all adversary proceedings, applications, motions, and contested matters that may be pending on the Effective Date or that may be instituted by the Reorganized Debtor after the Effective Date.

12.3 ***Disputed, Contingent, and Unliquidated Claims Allowance/Disallowance.*** To determine any objections to the allowance of Claims or Equity Interests, including but not limited to any objections to the classification of any Claim, and to allow or disallow any contingent Claim or interest, Disputed Claim or interest, and/or unliquidated Claim or interest, and to determine any and all disputes among Creditors and holders of Equity Interests with respect to their Claims and Equity Interests.

12.4 ***Enforcement/Modification of Plan.***

12.4.1 To determine any requests to modify this Plan, to remedy any defect or omission, or to reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order.

12.4.2 To determine all controversies, suits, and disputes that may relate to, impact upon, or arise in connection with this Plan or any other Plan documents or their interpretation, implementation, enforcement, or consummation.

12.4.3 To determine other matters that may be set forth in the Plan and Confirmation Order or that relate to any transaction required or contemplated by the Plan.

12.4.4 To determine any other matters related hereto, including matters related to the implementation and enforcement of the Plan, the Confirmation Order, and all orders entered by the Bankruptcy Court in this Chapter 11 Case.

12.4.5 To determine any issue relating to distributions under the Plan.

12.4.6 To enter such orders as are necessary to implement and enforce the injunctions described herein, including orders extending the protections afforded under Section 105 of the Bankruptcy Code.

12.4.7 To issue such orders in aid of execution of this Plan to the fullest extent authorized or contemplated by Section 1142 of the Bankruptcy Code.

12.5 ***Compensation of Professionals.*** To determine all applications for allowance of compensation and reimbursement of expenses of Professionals, any other fees and expenses

authorized to be paid or reimbursed under this Plan, and to approve the reasonableness of any payments made or to be made as provided in Section 1129(a)(4) of the Bankruptcy Code.

12.6    *Settlements.* To the extent that Bankruptcy Court approval is required, to consider and act on any compromise and settlement of any Claim against or cause of action by the Debtor, the Debtor in Possession, or the Reorganized Debtor.

12.7    *Taxes.* To determine matters concerning state, local, and federal taxes, fines, penalties, or additions to taxes for which the Debtor or Debtor in Possession may be liable, directly or indirectly, in accordance with Sections 346, 505, and 1146 of the Bankruptcy Code.

12.8    *506(b)-(c) Claims.* To determine the amounts, if any, of the reasonable fees, costs, and other charges payable under Sections 506(b) and/or (c) of the Bankruptcy Code.

12.9    *Specific Purposes.* To determine such other matters as may be provided for in the Confirmation Order or may be appropriate under applicable law.

12.10    *Final Decrees.* To enter an order or final decree closing the Chapter 11 Case.


Dated: Charlotte, North Carolina
          January 20, 2024

Respectfully submitted,

**GRAYSON REAL ESTATE, LLC**

By: _____
Van D. Stamey, Member-Manager

**MOON WRIGHT & HOUSTON, PLLC**

By:
   */s/ Richard S. Wright*
Richard S. Wright (Bar No. 24622)
212 North McDowell Street, Suite 200
Charlotte, North Carolina 28204
Telephone:  (704) 944-6560
Facsimile:  (704) 944-0380
*Counsel for the Debtor*

MWH: 10789.001; 00029451.1